IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **GREGORY STEPHEN PORRAS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-1135-O-BP |
| § | |
| **COMMISSIONER OF** § | |
| **SOCIAL SECURITY,** § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act and supporting Brief filed on May 8, 2024. ECF Nos. 26, 27. By Order dated May 14, 2024, United States District Judge Reed O'Connor referred the Motion to the undersigned under 28 U.S.C. § 636(b)(1). After reviewing the Motion and applicable legal authorities, noting that the defendant does not oppose the Motion, and for good cause shown, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion.

The Court finds that the plaintiff, Gregory Stephen Porras, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $234.14 per hour for services performed in 2022 and $246.22 per hour for services performed in 2023. The Court further finds that the plaintiff is entitled to recover compensation for attorney services incurred of 1.8 hour in 2022 and 23 hours in 2023, for an attorney fee award of $6,084.51.

Additionally, the plaintiff should be awarded 6 hours at $100.00 per hour in the amount of $600.00 for paralegal services.

Accordingly, the undersigned **RECOMMENDS** that the Court **ORDER** the defendant to pay the plaintiff, Gregory Stephen Porras, and mail to his attorney, Howard D. Olinsky, Olinsky Law Group, 250 S Clinton St. Ste. 210, Syracuse NY 13202, attorney fees under the Equal Access to Justice Act, in the total amount of $6,684.51 for 1.8 hours of service in 2022 at a rate of $234.14 per hour, 23 hours of service in 2023 at a rate of $246.22 per hour, and 6 hours of paralegal services at a rate of $100.00 per hour, if the Department of the Treasury determines that Plaintiff owes no debt that is subject to offset.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 11, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE